hLOVE, Judge.
Plaintiffs-appellants, Edith and Henry Glover, appeal a trial court judgment in which the trial court, after a bench trial, found in favor of defendants-appellees, The City of New Orleans Through The New Orleans Police Department. The trial court found that the New Orleans Police Department and the City of New Orleans were not liable for the injuries sustained by Mrs. Glover during an arrest attempt on her son, Henry Glover, Jr. It is from this judgment that Mr. and Mrs. Glover now appeal. We find that the New Orleans Police Department and the City of New Orleans acted reasonably when attempting to arrest Henry Glover, Jr. Therefore, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On July 29, 1993, members of the New Orleans Police Department (“NOPD”) went to 4923 .Bonita Drive to effectuate an arrest warrant on Henry Glover, Jr. (“Mr. Glover”). Mr. Glover was under suspicion for aggravated burglary and kidnapping. It was known that Mr. Glover resided with his parents, Mr. and Mrs. Henry Glover, Sr.
Before arriving at the home of Mr. and Mrs. Glover, Sr., Officer James Scott investigated the home where the arrest would be made and gathered background | ¿information on Henry Glover, Jr. Through his pre-arrest inquiry, Officer Scott learned that Mr. Glover would probably be armed with an AK-47 assault rifle. Therefore, the NOPD task force felt it necessary to position themselves at the front and rear of the house in case Mr. Glover attempted to flee the area. The officers at the rear of the house were armed with shotguns. Officer Scott approached the front door and announced their presence and authority. Mrs. Glover came to the door and informed the officers that Mr. Glover was not at home. The officers then requested permission to enter *62 the home to conduct a search for Mr. Glover. Mrs. Glover granted the officers permission to enter the home. She then proceeded to unlock the doors and allowed the officers to search the premises. During the search of the home, the officers’ guns were raised in case there was a flee attempt by Mr. Glover. After an unsuccessful search, the officers left the Glover residence.
On January 20, 1994, Plaintiffs, Mr. and Mrs. Glover, Sr., filed a negligence suit alleging that the NOPD broke into their home. Plaintiffs further allege that the officers cursed, reviled, threatened and mentally abused Mrs. Glover. In contrast, the City of New Orleans and the NOPD argue that they were attempting to make a valid arrest and denies the allegations of mental abuse.
The trial court rendered judgment, finding that the police were attempting to execute a valid arrest warrant on Mr. Glover and the police acted reasonably in entering and searching the Glover home. The court further found that the NOPD and City of New Orleans were not liable for Mrs. Glover’s alleged injuries.
STANDARD OF REVIEW
There is great discretion allotted to the trier of fact. The standard of review for factual findings by the trial court is manifest error. The appellate court is only mandated to set aside a trial court’s finding if it is clearly wrong or manifestly erroneous. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). The reviewing court must not determine whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one under the evidence. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
LAW AND DISCUSSION
For negligent liability to be imposed on the NOPD and City of New Orleans, plaintiff must prove negligence under the duty/risk analysis, which requires:
(1) the conduct in question was the cause-in-fact of the resulting harm;
(2) defendant owed a duty of care to plaintiff;
(3) the requisite duty was breached by the defendant;
(4) the risk of harm was within the scope of protection afforded by the duty breached.
Stroik v. Ponseti, 96-2897 (La.9/9/97), 699 So.2d 1072.
The question of whether a duty exists in a particular set of circumstances is a question of fact for a court to decide. In Kyle v. City of New Orleans 353 So.2d 969 (La.1977), the Louisiana Supreme Court enunciated a standard of conduct for police officers to follow when making an arrest. The court stated that the use of force by law enforcement officers must be tested by the “reasonable force” standard established by La.C.Cr.P. art. 220. Kyle v. City of New Orleans, 353 So.2d at 972. La.C.Cr.P. art. 220 provides, “a person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.” The court must evaluate the officer’s actions against those of ordinary, prudent and reasonable men placed in the same position as the officers and with the same knowledge. The degree of force employed is a factual issue and the trial court’s finding on such issue is entitled to great weight. Kyle v. City of New Orleans, 353 So.2d at 972-73.
*63 |4The next step in the duty/risk analysis is to determine whether the duty owed by the officers was breached. In determining whether the force used by a police officer was unreasonable under the circumstances, factors to be considered are: (1) the known character of the arres-tee, (2) the risks and dangers faced by the officers, (3) the nature of the offense involved, (4) the chance of the arrestee’s escape if the particular means are not employed, (5) the existence of alternative methods of arrest, (6) the physical size, strength, and weaponry of the officers as compared to the arrestee, and (7) the exigency of the moment. Harris v. Carter, 33,951 La.App. 2 Cir. 10/4/00, 768 So.2d 827 quoting Kyle v. City of New Orleans, 353 So.2d 969 (La.1977).
After a careful review of the record, we find that the trial court was correct in holding that the officers acted reasonably under the circumstances. First, the officers inquired into the known character of the subject and were warned that he would likely be armed with an AK-47 assault rifle. Therefore, they prepared themselves by carefully surrounding the Glover home. Secondly, the officers could have possibly been in great danger if the subject was armed, so it was reasonable for them to have their weapons readily available.
The third Kyle factor is the nature of the offense involved. The subject was wanted for aggravated burglary and kidnapping. Because the offenses involved the use of a dangerous weapon, it was reasonable to conclude that the subject might be armed and dangerous.
The fourth factor in Kyle is the chance of the escape if particular means are not employed. The officers thought the likelihood of escape in the current situation was high because there were multiple entrances to the Glover home. Also, there was a covered carport that could have been used as an escape route. Therefore, |Kthey surrounded the Glover home in case he attempted to flee into the neighboring residential area.
The next factor is the existence of alternative methods. In Mathieu v. Imperial Toy Corporation, 94-0952 p. 7(La.11/30/94), 646 So.2d 318, the court said the “existence of other available alternative methods does not, in and of itself, render the method chosen unreasonable.” Therefore, even though there may have been other methods in searching and securing the Glover home, the method employed by the officers in the instant case was not unreasonable.
The sixth factor is the physical, size, strength and weaponry of the officers as compared to the suspect. The officers were aware that Mr. Glover would possibly be armed with weaponry. Therefore, it was necessary for the officers to keep their guns out of the side holster.
The final Kyle factor is the exigency of the moment. The officers in the present case believed that the subject was armed and dangerous. They attempted the arrest in a residential area and feared that the subject may try to flee. Given this fact, it was not unreasonable for the officers to have their weapons ready and apparent.
After examining the first two steps of the duty/risk analysis and inquiring into the Kyle factors, we find that the officers acted reasonably in searching the Glover home and surrounding the premises in case there was a flee attempt by Mr. Glover. Since we find that the officers did not breach their duty to Mr. and Mrs. Glover, Sr. it is not necessary to continue the duty/risk analysis.
*64 |flDECREE
For the reasons stated above, we find no error in the trial court’s finding that the NOPD and the City of New Orleans were not liable for the injuries of Mr. and Mrs. Glover, Sr.
AFFIRMED.
JONES, J., Dissents.